NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-3512
_____

UNITED STATES OF AMERICA

v.

EDWARD HICKS,
                              Appellant
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 2-15-cr-0236-001)
District Judge:  Honorable Donetta W. Ambrose
_____

Submitted Under Third Circuit LAR 34.1(a)
September 20, 2021

Before:  JORDAN, PORTER, and RENDELL, *Circuit Judges*

(Filed: September 23, 2021)
_____

OPINION*
_____

JORDAN, *Circuit Judge*.

Edward Hicks appeals the District Court's order denying his motion for

compassionate release under 18 U.S.C. § 3582(c)(1)(A).  We will affirm.

_____

* This disposition is not an opinion of the full court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

## I. BACKGROUND

Hicks was indicted in 2015 with two counts of distribution and possession with intent to distribute twenty-eight grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1), and one count of conspiracy to distribute and possess with intent to distribute twenty-eight grams or more of cocaine base, in violation of 21 U.S.C. § 846. In 2017, he pleaded guilty to the conspiracy count and acknowledged responsibility for the conduct underlying the other two counts. Taking his acceptance of responsibility into account, as well as his lengthy criminal history, the District Court sentenced Hicks as a career offender to 188 months' imprisonment and four years' supervised release, the minimum recommended sentence under the guidelines.

Three years later, after exhausting his administrative remedies, he sought compassionate release under § 3582(c)(1)(A) on the basis of "extraordinary and compelling reasons." Hicks claimed that he suffers from asthma, pre-diabetes, hypertension, and obesity, has only one functioning lung, and has a bullet lodged against his spine. He argued that his medical conditions increased his risk of serious complications if he were to contract COVID-19 and therefore constituted "extraordinary and compelling reasons" warranting a sentence reduction. He further contended that a reduction was appropriate under the sentencing factors set forth in 18 U.S.C. § 3553(a) because Hicks "ha[d] been incarcerated for nearly 4 years"; "has made extensive efforts to rehabilitate himself by participating in [Bureau of Prisons ("BOP")] programming[,]" including "numerous courses to aide in his personal and professional development and rehabilitation such as a Money Smart course, a pre-GED course, drug courses and a VT

computer course"; "successfully completed the BOP's Residential Drug Abuse Program"; and was working in prison. (S.A. at 29.)

The District Court denied the motion, concluding that Hicks's medical conditions did not rise to the level of "extraordinary and compelling." It explained why three of those medical conditions did not increase the risk of a severe case of COVID-19: 1) his pre-diabetes diagnosis was not listed by the Centers for Disease Control ("CDC") as a COVID-19 high-risk comorbidity; 2) no medical records were provided to substantiate the assertion that Hicks only had one functioning lung, nor was it reported in his presentence report; and 3) Hicks did not assert that the lodged bullet in his spine placed him at a uniquely high risk of severe illness or death if infected by COVID-19.

The District Court then considered Hicks's other medical conditions. Relying on guidance from the CDC, the Court observed that Hicks's obesity placed him at an increased risk of severe illness if he got COVID-19. It also recognized that Hicks's asthma and hypertension might put him at a potentially increased risk. But because there was no evidence that obesity impacted Hicks's ability to provide self-care and because his asthma and hypertension appeared to be effectively controlled with treatment, the Court concluded that he failed to show that "a sufficiently serious medical condition … place[d] him at a uniquely high risk of grave illness or death if infected by COVID-19." (App. at 7.) It further considered the pandemic's impact specifically at Federal Correctional Institution Hazelton, where Hicks was incarcerated, noting that there were very few cases at the time of its decision and observing the prison's ability "to maintain that statistic throughout this unprecedented pandemic." (App. at 7.) On those

3

grounds, the District Court concluded that Hicks had not demonstrated an extraordinary and compelling reason for compassionate release.

The Court also concluded that, even if Hicks had established that there were extraordinary and compelling reasons to warrant his release, such release would still be inappropriate. Evidence of Hicks having possessed intoxicants while incarcerated left the Court less than confident that he was not a danger or threat to the community. Accordingly, it said that he had "demonstrated a propensity to continue to engage in similar drug related activity even while in prison." (App. at 8.) The Court went on to consider the § 3553(a) factors and decided those factors would have outweighed any extraordinary and compelling reasons for release, given Hicks's "very serious crime[,]" his sentence being at the lowest end of the guideline range, and his time served (less than four years) versus time remaining (more than ten years). (App. at 9.)

## II.    DISCUSSION[1]

On appeal, Hicks contends that the District Court erred in saying no extraordinary and compelling circumstances justified his release and that it abused its discretion in considering the § 3553(a) factors. But he raises nothing calling the District Court's conclusions into question; he simply repeats the arguments he made to that Court, without recounting any specific error, and we can discern none. Although Hicks may fall into a high-risk category for developing serious complications were he to contract

---

[1] We have jurisdiction under 28 U.S.C. § 1291. We review for abuse of discretion a district court's denial of a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). *United States v. Pawlowski*, 967 F.3d 327, 330 (3d Cir. 2020).

COVID-19, that does not end our inquiry. The current rate of infection, the facility's measures to reduce the spread of the virus, and its management of Hicks's health conditions are all relevant considerations in deciding whether extraordinary and compelling circumstances exist. The District Court was well within its discretion when it determined that Hicks's criminal history, the seriousness of his crime, and the time remaining on his sentence weighed against his receiving compassionate release. *See United States v. Pawlowski*, 967 F.3d 327, 330 (3d Cir. 2020) ("[W]e will not disturb the District Court's decision 'unless there is a definite and firm conviction that [it] committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors[.]'" (second alteration in original) (citation omitted)).

## III. CONCLUSION

For the foregoing reasons, we will affirm.